■ BERNARD SLOANE, Respondent, v. CITY OF NEW YORK, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from two orders of the Supreme Court, Queens County, dated January 10, 1972 and February 14, 1972, respectively, the first denying its motion for summary judgment and the second denying its renewed motion for the same relief (improperly labeled as a motion to reargue). Orders reversed, on the law, without costs, and motions granted. The exclusive remedy available to plaintiff is under the Workmen's Compensation Law (Workmen's Compensation Law, § 3, subd. 1, group 16, § 29, subd. 6; *Matter of Chilk* v. *City of New York,* 26 A D 2d 425, affd. 22 N Y 2d 661). Gulotta, P. J., Martuscello, Latham, Shapiro and Cohalan JJ. concur.

■ WARREN USS, an Infant by JOHN P. USS, His Father and Natural Guardian, et al., Appellants, v. TOWN OF OYSTER BAY et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Third-Party Defendants.— In a negligence action to recover damages for personal injuries sustained by plaintiff Warren Uss and for loss of services and medical expenses incurred by his father, the coplaintiff, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered June 12, 1973, in favor of defendants Town of Oyster Bay, H. John Plock and John C. Martling, upon a jury verdict, after a trial on the issue of liability. Judgment affirmed, without costs. No opinion. Gulotta, P. J., Latham, Shapiro and Cohalan, JJ., concur. Martuscello, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Plaintiff Warren Uss was injured when a sign assembly fell on his head immediately after his friend Thomas Curran allegedly struck the pole on which the sign assembly was mounted. At the trial, the defense counsel, over objections, placed in evidence a model pole, placed the subject sign assembly over it and struck the pole, in order to demonstrate that a blow of the nature described on plaintiffs' case could not have dislodged the sign assembly. In my opinion, there was not a proper foundation laid for the test, and the variables between the courtroom model and demonstration and the on-scene pole and sign and the claimed occurrence were so great that the use of the courtroom demonstration was prejudicially unfair to plaintiffs. I note particularly that Curran, the person who allegedly struck the pole, was 17 years of age at the time of the accident, which happened in September, 1969, was over six feet tall and weighed 222 pounds, whereas there is no evidence that the defense counsel who struck the pole in court was of comparable size, weight and age, or that the blow inflicted by him was of the same magnitude as that delivered by Curran. Further, the courtroom pole was shorter than the pole at the scene and there were other differences. Finally, by allowing this exhibit to enter the jury room, all six jurors, of various ages, heights, weights and strength, could make their determination by subjecting the model to varying tests and blows — all outside the presence of the court, the attorneys and parties.

■ GEORGE VADELL, Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— Order of the Supreme Court, Queens County, entered August 16, 1973, affirmed, without costs (*Austin* v. *Board of Higher Educ. of City of N. Y.,* 5 N Y 2d 430). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.